# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LONDA K. NELSON, and BLAINE COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV-17-11-GF-BMM<br><br>**<u>JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE</u>** |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Keith A. Jones, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.  This Court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property

1

that is the subject of this foreclosure action is located in the County of Blaine, State of Montana, and is described as follows:

> Lots 9 and 11 in Block 74 of the Townsite of Chinook, according to the official map or plat on file in the office of the Clerk and Recorder, in and for Blaine County, Montana.

> Common Address: 1119 Indiana, Chinook, Montana

2. The United States loaned Londa K. Nelson the sum of $62,850.00 on August 24, 2001. The loan is evidenced by a promissory note dated August 24, 2001. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A.

3. As security for the promissory note, a real estate mortgage was executed providing real property located in Blaine County, Montana, as security for the debt. The mortgage was executed by Londa K. Nelson on August 24, 2001 and recorded with the Blaine County Clerk and Recorder on August 24, 2001, in Book 68 of Mortgages, at Page 471, as Document No. 332313. A true and correct copy of this mortgage is attached to the Complaint as Exhibit B.

4. Defendant, Londa K. Nelson, is in default under the terms of the promissory note and mortgage described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on September 3, 2015.

5. Defendant, Londa K. Nelson, is indebted to the Plaintiff for the loans outlined above in the principal amount of $50,938.60, plus interest computed at the rate of 6.875 percent per annum for the accrued total amount of $5,843.09 as of October 25, 2016, plus late charges of $37.25, plus fees in the amount of $8,546.69 ($8,224.36 – Replenish Negative Escrow and $322.33 – Interest on fees), for a combined total of $65,365.63 as of October 25, 2016. In addition if the value of the real property exceeds the principal and accrued interest ($65,365.63), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated August 24, 2001. A true and correct copy of the subsidy repayment agreement is attached to the Complaint as Exhibit C. The interest subject to recapture is $33,686.64 making a total of $99,052.27 due and owing as of October 25, 2016. Interest continues to accrue from October 25, 2016, at the rate of $11.1437 per day until the date of entry of judgment. Attached to the Complaint as Exhibit D is the Affidavit of Kimberly Maines of Rural Development which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

6. Defendant, Londa K. Nelson, was personally served by the U.S. Marshal's Service with the Summons and Complaint on March 27, 2017. (Dkt. No. 8). She did not make an appearance and default was entered on April 26, 2017. (Dkt. No. 11).

7. Kelsie W. Howard, Blaine County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on February 22, 2017. (Dkt. No. 5). On February 22, 2017, Defendant Blaine County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Dkt. No. 6).

## CONCLUSIONS OF LAW

8. Blaine County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

9. The Plaintiff, United States, is entitled to judgment against Defendant, Londa K. Nelson, in the principal amount $50,938.60, plus interest computed at the rate of 6.875 percent per annum for the accrued total amount of $5,843.09 as of October 25, 2016, plus late charges of $37.25, plus fees in the amount of $8,546.69, for a combined total of $65,365.63 as of October 25, 2016. In addition if the value of the real property exceeds the principal and accrued interest ($65,365.63), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated August 24, 2001. The interest subject to recapture is $33,686.64 making a total of $99,052.27 due and owing as of October 25, 2016. Interest continues to accrue from October 25, 2016,

at the rate of $11.1437 per day until the date of entry of judgment.  Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

10. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, have judgment against Defendant, Londa K. Nelson, in the principal amount of $50,938.60, plus interest computed at the rate of 6.875 percent per annum for the accrued total amount of $5,843.09 as of October 25, 2016, plus late charges of $37.25, plus fees in the amount of $8,546.69, for a combined total of $65,365.63 as of October 25, 2016.  In addition if the value of the real property exceeds the principal and accrued interest ($65,365.63), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated August 24, 2001.  The interest subject to recapture is $33,686.64 making a total of $99,052.27 due and owing as of October 25, 2016.  Interest continues to accrue from October 25, 2016, at the rate of $11.1437 per day until the date of entry of judgment.  Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court with Counsel for the Plaintiff to prepare the Notice of Sale and to file the Affidavit of Publication with the Petition for Confirmation of U.S. Marshal's Sale. The real property is located in Blaine County, Montana, and described as follows:

> Lots 9 and 11 in Block 74 of the Townsite of Chinook, according to the official map or plat on file in the office of the Clerk and Recorder, in and for Blaine County, Montana.

Common Address: 1119 Indiana, Chinook, Montana

4. The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825 (1997).

5. The real property be sold in one unit.

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a

deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A. To Blaine County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

    B. To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    C. Any overplus remaining after the payments to Blaine County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10. That if the monies from the sale are insufficient to pay the amounts due to the Plaintiff, the expenses of sale, and the costs, the Plaintiff have a deficiency judgment against Defendant, Londa K. Nelson.

11. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

DATED this 25th day of May, 2017.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge